USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 18, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
WILSON ABAD,                        :
                                    :
           Petitioner,              :
                                    :   Nos. 12 Civ. 6567 (JFK)
      -against-                     :        09 Cr. 525 (JFK
                                        **OPINION & ORDER**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
           Respondent.              :
------------------------------------X

APPEARANCES

Petitioner Wilson Abad, Pro se

For Respondent United States of America
     Preet Bharara
     United States Attorney, Southern District of New York
        By: Brian A. Jacobs

**JOHN F. KEENAN, United States District Judge:**

   Before the Court is Petitioner Wilson Abad's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion is denied.

## I. Background

   On February 16, 2010, Abad waived indictment and pleaded guilty, pursuant to a plea agreement with the Government, before Judge Paul A. Crotty to (1) conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846; (2) conspiracy to distribute and possess with intent to

distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846; and (3) conspiracy to launder narcotics proceeds, in violation of 18 U.S.C. § 1956(h).  In their plea agreement, the Government and Abad stipulated that the appropriate sentencing range under the U.S. Sentencing Guidelines was 121 to 151 months. (Gov't Mem. Ex. A at 5.)  Abad also stipulated that a sentence within or below the guidelines would be reasonable. (Id.)  His agreement contained a provision whereby he waived the right to appeal or collaterally attack "any sentence within or below the Stipulated Guidelines Range." (Id. at 7.)  On December 16, 2010, Abad was sentenced by this Court to a term of 108 months of incarceration — thirteen months below the low end of his stipulated range — to be followed by a four-year term of supervised release.[1]

Abad appealed his sentence on the basis that he received ineffective assistance of counsel in his plea bargaining and sentencing proceedings, and that his 108 month sentence was substantively unreasonable. See United States v. Yutronic, 486 F. App'x 146, 147 (2d Cir. 2012).  The Second Circuit affirmed Abad's sentence but declined to address Abad's ineffective

---

[1] Probation's Presentence Report had concluded that the appropriate guideline range was actually 135 to 165 months' imprisonment because Abad was a Criminal History Category III. (PSR ¶ 128, 158.)  The Court, holding the Government to its bargain, sentenced Abad based on a Category II Criminal History and the corresponding guideline range because that was the stipulated Criminal History Category and guideline range in the plea agreement. (Sentencing Tr. 4.)

2

assistance of counsel claim, noting that Abad was free to pursue his claim by habeas petition. See id. at 148-49.

Petitioner timely filed for habeas releif, claiming four instances of ineffective assistance of counsel.  First, he claims that his attorney promised him that his total prison term would be five years.  Second, he states that he was not provided with case discovery prior to entering into his plea agreement.  Third, he argues that he was unable to prepare for trial because there was no interpreter to help him communicate with his attorney.  Fourth, he claims that he was not consulted during the preparation of his sentencing memorandum, which led to the report being incomplete.

## II. Discussion

### A. Legal Standard

Section 2255 allows a federal prisoner to collaterally attack his conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a).  Thus, such a collateral attack is reserved "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete

miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  In cases where a petitioner is acting pro se, the Court will interpret the claims set forth by petitioner liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### B. Application

The Court will address each of Petitioner's four arguments. However, because Abad may have waived his ability to collaterally challenge a sentence that is below the guidelines range, the Court turns first to the voluntariness of Abad's waiver.

### 1. Plea Waiver

Abad's plea agreement waived his right to collaterally attack his sentence. (Gov't Mem. Ex. A at 7.)  Such waivers are "presumptively enforceable." See United States v. Coston, 737 F.3d 235, 237 (2d Cir. 2013).  However, a court will not enforce the waiver if the record suggests that the waiver or plea was not knowing or voluntary. See United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010).  The waiver is made knowingly if the record demonstrates that the defendant "fully understood the potential consequences of his waiver." United States v. Monzon,

4

359 F.3d 110, 116 (2d Cir. 2004); see also United States v. Martinez, Nos. 13 Civ. 3454, 09 Cr. 1022, 2014 WL 7146846, at *6 (S.D.N.Y. Dec. 12, 2014).

Petitioner argues that the waiver was not made knowingly or voluntarily, and is thus unenforceable, because he was not given an opportunity to present "all § 3553(a) mitigation factors to the Court" at sentencing despite being promised by his counsel and by the Government that if he signed the agreement he would be able to do so. (Abad Mem. 4-5.)  Petitioner's argument fails for at least three reasons.  First, Abad is not actually challenging the voluntariness of his plea or his waiver, but rather his attorney's conduct at sentencing.  That is not sufficient to render his waiver unenforceable. See United States v. Williams, 448 F. App'x 156, 157 (2d Cir. 2012) ("A defendant may not 'dress up' a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel by arguing the deficiency of his counsel's performance 'not at the time of the plea, but at sentencing.'"(internal quotation marks omitted)); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless.  This we decline to do."); Abramo v. United States,

5

No. 12 Civ. 1803, 2014 WL 1171735, at *10 (S.D.N.Y. Mar. 21, 2014). ("The claim of ineffective assistance must relate to the plea process and be meritorious to void an otherwise valid waiver."). Moreover, as discussed later, counsel's performance at sentencing was not ineffective assistance.

Second, the record clearly demonstrates that Defendant had a full opportunity to assert factors that would weigh in favor of a sentence below the guidelines range. (Gov't Mem. Ex. D.) Petitioner's counsel submitted a sentencing memorandum that specifically addressed the § 3553(a) factors and argued at the sentencing proceeding for a below guidelines sentence of five years, the mandatory minimum. (Id. at 5-6; Sentencing Tr. 5-6.) Indeed, as discussed in greater detail below, counsel even directly addressed most of the factors that Petitioner now argues should have been brought to the Court's attention.

Third, the record offers no other indication that Abad's waiver of his right to collaterally attack his sentence was unknowing or involuntary. Just the opposite. During the plea allocution, Judgy Crotty established that Petitioner was of clear mind, understood the nature of the plea agreement, voluntarily agreed to its terms, and was satisfied with the effectiveness of his attorney's assistance. (Plea Tr. 4, 8, 12.) Petitioner acknowledged that he was not made any promises in exchange for signing the agreement. (Plea Tr. at 12).

Significantly, and fatal to his claim, he also affirmed that he agreed to waive his right to appeal or collaterally attack a guidelines sentence of 121 to 151 months. (Plea Tr. at 13–14.)

The Court is "entitled to rely upon the defendant's sworn statements, made in open court . . . that he understood the consequences of his plea." See United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001). Thus, Abad cannot simply walk back from his sworn statements on the strength of unsupported allegations that merely contradict his plea allocution. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); Hernandez, 242 F.3d at 112–13.

**2. Ineffective Assistance of Counsel**

Even if Abad had not waived his right to collaterally attack his sentence, his petition would be denied because he has failed to show that he received ineffective assistance of counsel. Consequently, in so far as Petitioner's ineffective assistance claims can be construed as challenging the waiver of his right to collaterally attack his sentence, that challenge

would also be rejected for failing to establish ineffective assistance of counsel.[2]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's (1) "representation fell below an objective level of reasonableness" and (2) "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687–88 (1984).

The main problem for Abad on each of his claims is the same one he ran into on the waiver issue.  As explained in more detail below, most of his claims contradict his sworn statements during the plea colloquy. See United States v. Gonzalez, 647 F.3d 41, 56–57 (2d Cir. 2011) ("Given that solemn declarations in open court carry a strong presumption of verity, . . . a defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw his guilty plea." (citations, alterations, and internal quotation marks omitted)).

### a. The Alleged Promise of a Five Year Sentence

Although Abad makes four claims of ineffective assistance of counsel, the main thrust of his argument is that he only pled guilty because his attorney promised him that he would face a

---

[2] A collateral attack waiver is unenforceable where "defendant is challenging the constitutionality of the process by which he waived those rights." Hernandez, 242 F.3d at 113–14.

8

total prison term of five years, and he would not have pleaded guilty to the money laundering count[3] at all had he known he would be sentenced to a longer term of imprisonment. (Abad Mem. 2). Specifically, he claims that he always denied involvement in money laundering but his attorney advised him to pled guilty so that he would face a mandatory minimum of five years and that his total sentence would therefore only be five years. (Id.)

As to the promise about the length of his sentence, the plea agreement does set forth the applicable mandatory minimums: 5 years on Count 1 and 5 years on Count 2. (Gov't Mem. Ex. A at 1–2.) Abad was thus aware that he faced the five-year mandatory minimum he sought. Indeed, Petitioner's attorney specifically requested a five-year sentence. (Gov't Mem. Ex. D. at 1; Sentencing Tr. Ex. 5.)

But his claim that he was told that he would receive a five year sentence is belied by the record. In addition to the mandatory minimums, Abad's plea agreement also provides the maximum statutory sentence for each Count: 40 years on Count 1, 40 years on Count 2, and 20 years on Count 3. (Id.) Judge

---

[3] Although it is not necessary to resolve this claim, the Court notes that Abad's allegation that he "always denied to his attorney that he was involved in money laundering activity" is also contradicted by the record. (Abad Mem. 2.) In the plea agreement he acknowledge "that he has accepted this Agreement and decided to plead guilty because he is in fact guilty." (Gov't Mem. Ex. A at 7). While under oath at the plea allocution, Abad actually described his money laundering activity, which involved transporting the proceeds of a narcotics sale to a man in Ecuador. (Sentencing Tr. at 18-19, 21.)

Crotty also went through the maximum sentence for each count when taking Abad's plea. (Plea Tr. at 10-11.) Abad affirmed that he understood that those were "the maximums that could be imposed on [him] as a result of [his] pleading guilty" to those Counts. (Id. at 11.)

The agreement also clearly states that the sentence "is determined solely by the Court." (Gov't Mem. Ex. A at 6.) It notes that "the Sentencing Guidelines are not binding on the Court." (Id.) Crucially, Abad's plea agreement acknowledges his guilty plea "authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence." (Id.) At the plea hearing, Judge Crotty clarified the sentencing range under the guidelines with Abad, and explained to Petitioner that the Court was not bound by the guidelines and reserved the right to deviate up or down from those guidelines. (Plea Tr. at 13.) Moreover, as indicated above, Abad told the Court that he was not made any promises (outside of the plea agreement) in exchange for his guilty plea. (Plea Tr. at 12.)

Thus, as evident from the plea agreement and confirmed by the plea colloquy, Abad pleaded guilty knowing and understanding that he could be incarcerated for more than five years. Therefore, counsel's alleged promise of a five-sentence cannot support a claim for ineffective assistance. See Hernandez, 242 F.3d at 112-13 (affirming denial of ineffective assistance of

10

counsel claim where defendant's claim that counsel "told him he would only be sentenced to two years in prison" was belied by the record); United States v. Concepcion, Nos. 09 Civ. 4537, 06 Cr. 743, 2009 WL 4884095, at *3 (S.D.N.Y. Dec. 16, 2009) (rejecting claim for ineffective assistance where defendant's claim that counsel's "promise of [a] below-Guidelines sentence influenced [defendant's] decision to forgo trial" was contradicted by the plea colloquy).

### b. Case Discovery and Spanish Interpreter

The Court will consider Petitioner's next two claims together since they implicate many of the same parts of the plea colloquy and governing law.  First, Petitioner claims counsel was ineffective because she did not provide him case discovery before he pled guilty. (Abad Mem. 2.)  Abad asserts that he therefore had to either accept the plea deal or go to trial without trial preparation. (Id. at 2-3).  Second, he alleges ineffective assistance because his attorney did not use a Spanish/English interpreter when preparing for trial with him. (Abad Br. 3).

The record once again contradicts Abad's assertions.  At the plea allocution Abad indicated that he was satisfied with counsel's representation (Plea Tr. 8.)  He indicated that he had an opportunity to review the information with his attorney, to discuss the charges against him with his attorney, and to

discuss pleading guilty with his attorney and its consequences. (Plea Tr. 4-5, 8.) Abad's conclusory claim that he pled guilty because he was unprepared to go to trial is contradicted by the record and is, therefore, not credible. Additionally, a petitioner's general allegation of being unprepared for trial, absent any explanation of specific actions counsel should have taken or how any inactions actually prejudiced his case, is insufficient to support an ineffective assistance of counsel claim. See Slevin v. United States, No. 98 Civ. 0904, 1999 WL 549010, at *5 (S.D.N.Y. July 28, 1999) ("Petitioner's conclusory allegations that counsel evinced 'a general lack of preparation' do not demonstrate that absent the alleged errors, the outcome of the trial would have been different.").

### c. Sentencing Memorandum

Finally, Petitioner avers that he was not consulted in the preparation of the December 14, 2010 sentencing memorandum submitted by his attorney to the Court. Specifically, Petitioner claims that his attorney did not include issues that that he expressly wanted included, namely: counsel failed to advise the Court (1) about the full extent of Petitioner's efforts to assist the Government prior to sentencing; (2) about Petitioner's dire financial situation that led to his involvement in criminal activity, specifically (a) medical costs for his life-threatening illness for which he had no medical

insurance and (b) the fact that he was helping his father in Ecuador pay for the treatment of his prostate cancer; and (3) that Petitioner would agree to "fast track" deportation if allowed to do so.  Petitioner argues that these factors would have warranted a lower sentence, and that counsel's failure to raise them constituted ineffective assistance.

As explained above, this argument is squarely foreclosed by the waiver agreement because it occurred at sentencing, after Abad knowingly and voluntarily waived his right to collaterally attack his sentence.  In any event, the record demonstrates that Abad cannot show ineffective assistance of counsel on this ground.

Petitioner's allegations are again flatly contradicted by the record.  In the sentencing memorandum, counsel informed the Court that Abad's efforts toward cooperation "most likely would have led to the filing of a '5K letter'" if he had not been "such an insignificant player in this crime." (Gov't Mem. Ex. D at 2.)  Abad himself fails to specify the extent of his cooperation.

Next, the sentencing memorandum informed the Court of Abad's diagnosis with a life-threatening illness, that Abad was undergoing a regiment of medication, and that Abad had grave concerns about his health. (<u>Id.</u> at 5.).  The memorandum also advised the Court that the health of Abad's aging father was

13

rapidly deteriorating. (Id. at 5-6.). Although counsel did not directly discuss Petitioner's financial situation, instead highlighting his "long and detailed work history," (Id. at 5-6.), that did not prejudice Abad because his financial condition was mentioned in the Presentence Report. (PSR ¶¶ 151–52.)

As to Abad's claim that counsel failed to advise the Court that Abad would agree to "fast track" deportation, the Government correctly points out that "fast track" deportation was not available in the Southern District of New York at the time of Abad's sentencing.[4] Therefore, counsel's failure to include it in the sentencing memorandum cannot be considered ineffective assistance.

Finally, to the extent Abad argues that counsel should have done more to highlight any of the above factors, that claim is not sufficient to vacate his conviction or alter his sentence. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[4] See Memorandum, U.S. Att'y's Office for the S. Dist. of N.Y., Fast-Track Policy for Felony Illegal Reentry Offenses (March 5, 2012), http://www.fd.org/docs/select-topics---sentencing/Fast-Track-Policies.pdf (memorandum implenting the Southern District's policy appears on pages 61 through 64) ("Illegal reentry defendants who were sentenced prior to March 1, 2012, are not eligible to participate in the new program."); see also Memorandum, U.S. Dep't of Justice, Office of the Deputy Att'y Gen., Department Policy on Early Disposition or "Fast-Track" Programs (Jan. 31, 2012), http://www.justice.gov/dag/fast-track-program.pdf (explaining the history of the "fast-track" program).

14

assistance." Strickland, 466 U.S. at 689.  Counsel did address the § 3553(a) factors, (Gov't Mem. Ex. D at 6-8.), and Petitioner has not overcome the presumption that counsel's choice in stressing certain facts and not others might have been effective advocacy. Strickland, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)).

### III. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to Section 2255 is denied.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:    New York, New York
          August 17, 2015

                                    _____
                                    John F. Keenan
                                    United States District Judge